No. 47,738

CITY OF INDEPENDENCE, KANSAS, *Appellee*, v. KANSAS COMMISSION ON CIVIL RIGHTS, et al., *Appellants*.

(544 P. 2d 799)

Opinion filed December 13, 1975.

*Roger W. Lovett*, of Topeka, argued the cause, and *Curt T. Schneider*, attorney general, and *Charles S. Scott*, of Topeka, were with him on the brief for the appellants.

*B. D. Watson*, of Independence, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an appeal by the Kansas commission on civil rights from a district court order enjoining its investigation of the police department of the city of Independence.

On August 8, 1974, KCCR served upon the Independence city manager a "Notice of Investigation". Although it is not in the record on appeal KCCR says the investigation was prompted by citizen complaints of alleged discrimination arising from a controversy between black and white students at the Independence high school in the spring of 1974, after which incident only black students were

detained by the police. According to the "Notice" the proposed investigation would "cover all dealings of the Police Department of the City of Independence with members of the black race from and after the first day of January, 1972, and a comparison of those dealings by said department with members of other races and ethnic groups. . . ."

On August 12, 1974, KCCR issued subpoenas duces tecum to the Independence chief of police, the clerk of the magistrate court of Independence, the clerk of the Montgomery county probate and juvenile court and the Independence city clerk requesting the production of various records and documents in their respective offices.

On August 20, 1974, the city of Independence petitioned the Montgomery county district court for a temporary and permanent injunction against the proposed investigation on the grounds it was not authorized by statute, the "Notice of Investigation" served on the city was insufficient and that the subpoenas issued pursuant to the investigation were unreasonable and oppressive. KCCR responded it had authority to investigate city police departments and that its procedures and subpoenas were proper and reasonable.

On September 17, 1974, the district court entered an order enjoining KCCR from proceeding with the investigation. The court ruled that the scope of the Kansas act against discrimination (K. S. A. 1974 Supp. 44-1001, *et seq.*) was limited to preventing discrimination in housing, employment and places of public accommodation; therefore investigation into alleged discrimination on the part of a municipal police department exceeded KCCR's authority. The court further ruled that the "Notice of Investigation" was insufficient and, finally, it quashed the subpoenas as being unreasonable. KCCR has appealed from each of these rulings.

This court has now dealt with the first point at issue. In *Kansas Commission on Civil Rights v. Howard*, 218 Kan. 248, 544 P. 2d 791, it was held that the Kansas act against discrimination does not cover, and the commission on civil rights has no authority to investigate governmental activities which do not involve employment relations, public accommodations or housing. This conclusion was reached upon our construction of the entire act, its history and background.

We turn next to the issue of the sufficiency of the "Notice of Investigation" served on appellee. K. S. A. 1974 Supp. 44-1005 authorizes the commission to make investigations of discriminatory

practices without filing a formal complaint. It then provides that the person to be investigated shall be advised of the nature and scope of such investigation prior to its commencement. We quote the instrument served upon appellee:

"NOTICE OF INVESTIGATION

"The Kansas Commission on Civil Rights, having in its own judgment reason to believe that the treatment afforded members of the black race by the Police Department of the City of Independence, Kansas, and its officers constitutes a problem of discrimination threatening the rights and privileges of the inhabitants of the State of Kansas and menacing the institutions and foundations of a free democratic state, hereby give you and each of you notice, pursuant to K. S. A. 44-1005, that it will conduct an investigation of said problem of discrimination.

"The nature of said investigation will be by examination of any and all records and documents which are possible sources of evidence of the aforementioned problem or acts contributing thereto, as well as interviews with individuals who are or may be knowledgeable of said problem or acts contributing thereto.

"The scope of said investigation shall cover all dealings of the Police Department of the City of Independence with members of the black race from and after the first day of January, 1972, and a comparison of those dealings by said department with members of other races and ethnic groups. Said investigation shall include but not be limited to the following incident:

"(a) The measures used by officers Blumer, Haskins and Lawson in detaining Lovetta Thomas, Debra Kinnard, Elisha Hadley and Charlene Williams on or about February 28, 1974."

K. S. A. 1974 Supp. 44-1005 does not indicate precisely what is meant by the terms "nature and scope of such investigation". Our only case dealing with the point is *Atchison, T. & S. F. Rly. Co. v. Commission on Civil Rights,* 215 Kan. 911, 529 P. 2d 666. There we held that the notice proviso requires such specificity of information as is reasonable under the particular circumstances of each case (Syl. ¶ 5). We ruled a notice sufficient which detailed eight practices, all involving the terms, conditions and privileges of employment of members of a laboring classification composed primarily of ethnic minorities, which were alleged to be discriminatory. Illustrative of the practices complained of were unfair increase of workloads, refusal to fill job vacancies promptly, refusal to tie seniority rights to job assignments and disciplinary actions inconsistent with the offense and with actions taken for similar offenses in other work classifications.

KCCR argues that the notice here is just as specific as that contained in *Atchison.* Appellee responds there is no comparison in

that in *Atchison* seven specific charges and one of a general nature were detailed in considerable particularity while here the notice is so broad and all-inclusive as to impart no information at all and is therefore meaningless. We are inclined to agree with appellee's position. The notice did state the investigation would "cover all dealings" of the police department with members of the black race over a certain period of time and "a comparison of those dealings" with that given members of other races, and it also made reference to "measures" used by three officers in detaining four persons on a certain date. The subpoenas duces tecum were equally broad and give little if any clue to that which is really to be investigated. The real thrust of the notice seems to be that the subject of the proposed investigation is the manner of detention of members of the black race. In *Kansas Commission on Civil Rights v. Howard,* supra, it was further held that the function of a police department in making arrests is not covered by our act against discrimination.

A police department has many kinds of "dealings" with the public. Its functions cover a wide range and include many activities aside from investigating crimes and making arrests. The term "dealings" is simply so all-inclusive that it tells nothing as to exactly what is meant. The same can be said of the term "treatment" afforded members of the black race, mentioned in the notice as constituting a problem of discrimination. Stating clearly just what the alleged discriminatory practices are should present no burden. A police department employs persons. If the terms "dealings" and "treatment" in the notice here were intended to mean discriminatory employment practices that should have been clearly stated. Where no verified formal complaint has been filed, KCCR's initial notice of investigation should specify with some particularity the alleged discriminatory practices within the commission's cognizance which are the subject of investigation. This was not done here; hence, our further holding must be that the trial court correctly enjoined investigation under the particular notice.

Appellant also challenges the trial court's ruling that the subpoenas duces tecum issued by it were unreasonable. Our conclusion respecting KCCR's authority to investigate governmental activ-

ities and the insufficiency of the "Notice of Investigation" compels affirmance of the trial court's judgment and renders moot any question concerning the subpoenas.

The judgment is affirmed.

APPROVED BY THE COURT.

PRAGER, J., dissents.

MILLER, J., not participating.